# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE R. BENNETT and DEBRA L.
BENNETT, *individually and as parents and
natural guardians of S.R.B., a minor*,
            Plaintiffs,

      vs.

WAL-MART STORES EAST, L.P. *doing
business as* WALMART,
            Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:17-cv-186

Magistrate Judge Robert C. Mitchell

## OPINION

       Plaintiffs Dale R. and Deborah L. Bennett bring this personal injury action against Wal-Mart Stores East, L.P. (Defendant), alleging claims of negligence, negligent infliction of emotional distress (NIED), and loss of services/claim for medical expenses stemming from an incident that occurred on November 22, 2015 which resulted in injuries to Plaintiffs' minor daughter, S.R.B.[1] Presently before the Court is a Motion for Partial Summary Judgment filed by Defendant. (ECF No. 16). Plaintiffs have filed a brief in opposition. (ECF No. 19). For the reasons that follow, this Court will grant Defendant's motion in part and dismiss Count III of Plaintiffs' complaint.

## Factual and Procedural History

       Plaintiffs are the natural parents and guardians of S.R.B., who was born in 1999. (ECF No. 1-1, ¶ 1). Plaintiffs allege that, on the date of the incident, Mrs. Bennett and S.R.B. were shopping in the canned goods aisle at a Walmart Store in Cranberry, Pennsylvania (Id. at ¶ 7). S.R.B. was standing behind her mother's shopping cart. (Id. at ¶ 8). Also in the aisle, "somewhere behind" S.R.B. and her cart, was a Walmart employee who was using a rocket cart to restock shelves. (Id.)

---

[1] Count I, battery, was dismissed by stipulation of the parties on July 25, 2017. (ECF No. 3).

Plaintiffs claim that the Walmart employee struck S.R.B. with the rocket cart, knocking her off-balance and causing her to fall "violently." (Id. at ¶¶ 11-12). Plaintiffs contend that S.R.B. sustained damage to her left knee which required her to undergo two surgical procedures and extensive rehabilitation. (Id.)

Moreover, Plaintiffs allege that Mrs. Bennett experienced "severe emotional impact" and "significant mental pain and suffering" as a result of her contemporaneous observance of the incident. (Id. at ¶ 24). Finally, Plaintiffs raise a claim seeking compensation for the loss of the services and earnings of their minor child and for monies spent to facilitate S.R.B.'s recovery. (Id. at ¶¶ 26-27).

Plaintiffs initiated this action by filing a complaint in the Court of Common Pleas of Venango County, and Defendant removed the matter to this Court on July 12, 2017 on the basis of diversity jurisdiction. (ECF No. 1). On January 30, 2018, Defendant filed a motion for partial summary judgment and accompanying brief, arguing that the record does not support a claim for either Count III, NIED, or Count IV, loss of services/claim for medical expenses. (ECF Nos. 16, 17). Plaintiffs have filed a response and a brief in opposition (ECF Nos. 18, 19), and Defendants have filed a reply (ECF No. 20).

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) (ECF No. 9).


**Standard of Review**

As amended effective December 1, 2010, the Federal Rules of Civil Procedure provide that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor.  Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005); Doe v. County of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

**Discussion**

*I.  Count III – NIED on behalf of Mrs. Bennett*

NIED is an actionable tort under Pennsylvania law. Sinn v. Burd, 404 A.2d 672, 686 (Pa. 1979).

> In order to recover, the [p]laintiff must prove one of four elements: (1) that the [d]efendant had a contractual or fiduciary duty toward him; (2) that [p]laintiff suffered a physical impact; (3) that [p]laintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that [p]laintiff had a contemporaneous perception of tortious injury to a close relative.

3

Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force, 745 A.2d 25, 27 (Pa. Super. 2000).

The parties agree that the instant case falls under the fourth Doe element, termed the "bystander" scenario, which requires the plaintiff to be: (1) be located near the scene of the accident; (2) suffer a contemporaneous and sensory observance of the accident; and (3) be closely related to the victim. See Sinn, 404 A.2d at 686. There is no dispute that the first and third prongs of Sinn are satisfied. Additionally, Pennsylvania law is clear that the term "sensory observance" is not limited to a visual perception. Neff v. Lasso, 555 A.2d 1304, 1313-14 (Pa. Super. 1989). However, Defendant argues that the evidence presented is insufficient to demonstrate that Mrs. Bennett's perception of the incident was "contemporaneous." (ECF No. 17, pg. 4-7).

In order to be "contemporaneous," the observance must be an immediate and direct trigger for the emotional distress. Neff, 555 A.2d at 1313-14. At the time of the incident, Mrs. Bennett was across the aisle with her back turned toward where S.R.B. was standing. N.T., 11/10/2017, at 26 (ECF No. 18-1). Mrs. Bennett turned back once she heard "all the commotion" and observed S.R.B. on the floor on her hands and knees. Id. at 20-21. At her deposition, Mrs. Bennett testified to her perception of the event as follows.

Q: How did you become alerted that something happened involving your daughter?

A: Well, because in a split second when I was grabbing some beans, I heard her crying loudly. And I turned around and she was on the floor, and the [stock] cart was behind her (indicating). She was on the floor and our cart had gone forward because she, apparently, you know, pushed it forward when she fell.

Q: Okay. What was [S.R.B.] -- what was her position when you turned around and saw her?

A: On both knees, on the floor on both knees.

Q. Where were her hands?

A: In front of her on the floor (indicating). Yeah, yeah (indicating).

Id., at 26. Mrs. Bennett explained that when she turned around, the rocket cart was not touching S.R.B. Id. at 28. Mrs. Bennett walked over to attend her daughter, who was crying loudly, and observed liquid on the floor that she believed was her daughter's urine. Id. at 29-30. Mrs. Bennett was unable to lift S.R.B. off of the floor without assistance. Id. at 32-36. Ultimately, Mrs. Bennett's niece and her husband were able to lift S.R.B. into a chair and transfer her to a wheelchair. Id. at 36-38. The whole process took approximately one half hour. Id. at 32.

Defendant first attempts to analogize these facts with cases in which Pennsylvania courts have denied recovery for an NIED claim to bystanders who arrived and observed injuries to family members after the accident at issue occurred. See Mazzagatti v. Everingham, 516 A.2d 672 (Pa. 1986); Bloom v. Dubois Reg'l Med. Ctr., 597 A.2d 671, 682 (Pa. Super. 1991); Armstrong v. Paoli Mem'l Hosp., 633 A.2d 605, 609 (Pa. Super. 1993); and Yandrich v. Radic, 433 A.2d 459 (Pa. 1981). These cases are factually distinguishable from the issue before this Court. As discussed above, Mrs. Bennett was physically present in the aisle when the incident occurred, and aurally perceived the event; thus, Defendant's reliance on the aforementioned cases is misplaced.

Rather, the facts at issue herein are similar to those in Neff, where the victim's wife did not witness the vehicle accident, but saw her husband's truck being followed by a speeding vehicle, heard the impact, and immediately ran out of her home to find her husband unconscious on the front lawn. The Pennsylvania Supreme Court determined that she was entitled to recovery for NIED, holding that

> aural perception (hearing the impact) when considered together with prior and subsequent visual observance (seeing [defendant's] car speeding behind her husband's pickup and seeing her husband lying unconscious immediately after the impact), may produce a full, direct, and immediate awareness of the nature and import of the negligent conduct which may foreseeably result in emotional injury, and which is not buffered by the intervention of a third party or the effects of the

removal of the awareness temporally or geographically from the impact and its consequences.

Neff, 555 A.2d at 1313–14. The Court explained that "[t]o deny [the] claim solely because she did not see the precise moment of the impact would ignore the plain reality that the entire incident produced the emotional injury for which the plaintiff seeks redress." Id. at 1314 (emphasis in original).

The testimony of Mrs. Bennett establishes similar circumstances: although she did not witness the impact or her daughter's fall, she observed the rocket cart behind her daughter immediately before the incident, heard a "commotion," and turned back to discover her daughter on her hands and knees on the floor, crying loudly. As in Neff, Mrs. Bennett had a "full, direct, and immediate awareness of the nature and import of the negligent conduct" leading to S.R.B.'s injury. Accordingly, her perception was contemporaneous as required under Sinn.

Defendants also argue that, Mrs. Bennett's perception of the incident notwithstanding, Plaintiffs have failed to set forth any injury for which she can be legally compensated. (ECF No. 17, pg. 4-7). In general, a plaintiff must prove physical injury to sustain a claim for NIED. Doe, 745 A.2d at 28; see also Restatement (Second) of Torts § 436A (1965) ("If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance."). Pennsylvania Courts have held that physical manifestations cannot be temporary, transitory, or fleeting, but must be severe or recurring. See McDaniel v. Kidde Residential & Fire & Commercial, 2015 WL 1326332, at *12 (W.D. Pa. Mar. 24, 2015) (collecting cases).

Plaintiff's complaint avers that Mrs. Bennett suffered physical injuries as a direct result of her contemporaneous observation of the incident in the form of ongoing "stress, insomnia, nausea,

and depression." (ECF No. 1, ¶ 24). The Court is mindful that, in response to a summary judgment motion, "the plaintiff can no longer rest on … mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992) (quoting F.R.C.P. 56(e)).[2]

The testimony given at Mrs. Bennett's deposition fails to support her claims of on-going physical injury stemming from this event. When asked to describe how she was feeling at the time the incident occurred, Mrs. Bennett testified that she was "scared to death, because I knew something had to be seriously wrong for her to act like that." N.T., 11/10/2017, at 40 (ECF No. 18-1). After explaining S.R.B.'s months-long recuperation process, which included surgeries and in-patient rehabilitation, Mrs. Bennett was asked to describe her own physical state during S.R.B.'s recovery, to which she replied she was "stressed to death" and "pretty much a wreck because [she] was worried about work, missing work, and worried about [S.R.B.]" Id. at 98-99. Importantly, in their Answers and Objections to Defendant's First Set of Interrogatories, Plaintiffs admit that Mrs. Bennett does not suffer from any "permanent disability or injury as a result of the alleged negligence that is the subject matter" of the instant case. (ECF No. 17-2, question 13).

Considering the above evidence in the light most favorable to the Plaintiffs, as this Court must, it is clear that Plaintiffs have failed to allege facts sufficient to support a claim for NIED. See Wall by Lalli v. Fisher, 565 A.2d 498 (1989) (affirming the lower court's grant of defendant's motion for summary judgment with respect to plaintiff's NIED claim on the basis that plaintiff did

---

[2] Defendant notes that Mrs. Bennett did not seek treatment or testing for any mental or physical condition arising from the incident, nor has she taken any medication for the same. N.T., 11/10/2017, at 98-99 (ECF No. 18-1); see also (ECF No. 17-2, at No. 7). However, "medical evidence is not required in an action for damages for" NIED. Krysmalski by Krysmalski v. Tarasovich, 622 A.2d 298, 305 (Pa. Super. 1993).

not claim physical injury manifesting from her alleged emotional distress at having witnessed a dog attack her son). Therefore, as there is no genuine dispute as to any material fact, Defendant is entitled to judgment as a matter of law and Defendant's motion for summary judgment as to Count III will be granted. See Fed.R.Civ.P. 56(a).

## II. Count IV – Loss of Services/Claim for Medical Expenses

Plaintiffs' complaint also alleges the loss of medical expenses, household help and services incurred during S.R.B.'s minority. (ECF No. 1, at ¶¶ 26-27).

> In an action … to recover damages suffered by a minor, the minor plaintiff is entitled to damages for pain and suffering and probable loss of earnings after he reaches his majority, while his parents are entitled to damages for medical expenses they have incurred and will incur because of their son's injury and for their loss of his services during minority. Schmidt v. Kratzer, [] 168 A.2d 585 ([Pa.] 1961). There can be no recovery for loss of companionship. Quinn v. City of Pittsburgh, 90 A. 353 ([Pa.] 1914).

Lobianco v. Valley Forge Military Acad., 224 F. Supp. 395, 397 (E.D. Pa. 1963), aff'd, 331 F.2d 851 (3d Cir. 1964).

The testimony of the Plaintiffs establish that S.R.B. underwent a number of medical procedures and tests, including surgery, and was placed in in-patient rehabilitation for a period of time. (N.T., 11/10/2017, at 50, 85 (ECF No. 18-2)). This testimony clearly supports a claim for loss of medical expenses during S.R.B.'s minority.

Moreover, the record supports Plaintiffs' claim that they have lost the services of their daughter during her rehabilitation. On this point, it is immaterial that S.R.B. did not work outside of the home. Pennsylvania case law makes clear that, in fashioning an award for loss of services, a jury has the right to consider "the duties which the child would perform about the household" and "the assistance which she would give to her mother … because all these are included in a

general term which we designate as 'earning powers.'" <u>Quinn</u>, 90 A. at 354.  Accordingly, this claim survives Defendant's motion for summary judgment.

**<u>Discussion</u>**

For the reasons and as more specifically stated herein, we will grant the Defendant's motion in part and dismiss Count III of the Complaint.  The remainder of Defendant's motion, with respect to Count IV, is denied.

An appropriate order follows.

DATED this 26th day of March, 2018.

BY THE COURT:


s/ Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE R. BENNETT and DEBRA L.   )
BENNETT, *individually and as parents and*   )
*natural guardians of S.R.B., a minor*,   )    Civil Action No. 1:17-cv-186
           Plaintiffs,   )
  )
    vs.   )    Magistrate Judge Robert C. Mitchell
  )
WAL-MART STORES EAST, L.P. *doing*   )
*business as* WALMART,   )
           Defendant.   

## **ORDER**

AND NOW, to-wit, this 26th day of March, 2018, for the reasons stated in the Opinion filed contemporaneously herewith, it is hereby ORDERED that Defendant's Partial Motion for Summary Judgment (ECF No. 16) be and the same hereby is GRANTED IN PART and DENIED IN PART as follows:

    a.  The motion is GRANTED as to Plaintiff's claim (Count III) of NIED; AND

    b.  The motion is DENIED as to Count IV.

                        /s/  *Robert C. Mitchell*
                        ROBERT C. MITCHELL
                        United States Magistrate Judge

Cc: record counsel via CM-ECF